Granger, C. J.
In Canby v. Porter, 12 Ohio, 79, decided at December term, 1848, Lane, C. J., said: “ The interest of the husband is a legal estate: it is a freehold during the joint lives of himself and wife, with a freehold in remainder, for himself for life, as tenant by the curtesy, and a remainder to the wife and her heirs in fee. It is a certain and determinate interest, whose value may be easily ascertained by reference to well known rules. It is in every sense his ‘land' within the meaning of the statute, and liable to respond for his debts.”
This was the law until February 28, 1846, when “An act in relation to the interest of husbands in the estate of their wives ” took effect. I quote the first two sections of this act:
“ Section 1. That the interest of any married man in the real estate of his wife, belonging to her at the time of their intermarriage, or which may have come to her by devise, gift or inheritance during coverture, or which may have been purchased with her sole and separate money or other property, and during her coverture, shall have been deeded to her, shall not be liable to be taken by any process of law *230 or chancery for the payment of his debts during the life of the wife, or the life or lives of the heir or heirs of her body.”
“ Section 2. All conveyances and incumbrances of the husband’s interest in the real estate of the wife, in the first section mentioned, shall be void and of no effect during the life of the wife, and during the life or lives of the heir or heirs of her body, unless an instrument of such conveyance or incumbrance shall have been executed, attested and acknowledged according to the laws of this state, for the conveyance or incumbrance of the estate of the wife in lands, tenements and hereditaments situate within this state.”
This act was repealed' by the act of April 3, 1861, (58 Ohio Laws, 54,) of which the first section reads thus :
“Any estate or interest,legal or equitable,.in real property belonging to any woman at her marriage, or which may have come to her during coverture, by conveyance, gift, devise, or inheritance, or by purchase with her separate means or money, shall, 'together with all rents and issues thereof, be and-remain her separate property, and under her control; and she may, in her own name, during coverture, lease the same for any period not exceeding three years. This act shall not affect the estate by the curtesy of any husband in the real property of his wife after her decease; but during the life of such wife, or any heir of her body, such estate shall not be taken by any process of law for the payment of his debts, or be conveyed or incumbered by him, unless she shall join therein with him in the manner prescribed by law in regard to her own estate.”
It is urged that the words, “ This act shall not affect the estate by the curtesy of any husband in the real property of his wife after her decease,” control the entire act, and that the only conveyances, or incumbrances, forbidden are those executed during the coverture, in which the wife is not a grantor. But those words do not constitute a complete and independent sentence. They form the first clause of a compound sentence, and are, themselves, limited and *231 qualified by tbe words that follow “ but.” It seems to us that this “ but ” means “ except that.” Thus read the entire sentence declares that “ This act shall affect the estate by the curtesy of any husband in the real property of his wife after her decease no farther than this, to wit: during the life of such wife, or of any heir of her body, such estate shall not * * * be conveyed, or incumbered, by him unless she shall join therein with him in the manner prescribed bylaw in regard to her own estate.” Under this construction full effect is given to all deeds and mortgages of her own estate legally made ; that is, duly executed and acknowledged by husband and wife. As the property is hers, the legislature does not attempt by new enactment to interfere with her control, farther than to provide a safe mode for ascertaining and attesting that it is Tier deed, or mortgage. The requirement that the husband should join in the conveyance is simply a repetition of a rule of law older than our state. But so long as the wife, or her child, survives, no act, or omission, of the husband alone shall enable a stranger to possess her land, as owner or incumbrancer.
A comparison of section two (2) of the act of 1846 with section one (1) of the act of 1861, favors this construction. The former declared that all such conveyances and incumbrances “ shall be void and of no effect during the life of the wife and during the life or lives of the heir or heirs of her body, unless, &c.” It was possible to understand this language as applying only to conveyances, or incumbrances, made during the life of the wife. But the words “ during the life of such wife, or any heir of her body, such estate shall not * * ® be conveyed, or incumbered, by him unless, &e.,” are unambiguous. .The time within which the husband is forbidden to convey is “ during the life of any heirs of her body,” as well as “ during the life of such wife.”
This may be unwise legislation; with that we have nothing to do. The best way to get rid of an unwise statute is to enforce it according to the meaning of its words as used. The children being the persons for whose *232 protection the mortgage was prohibited, should be held sufficiently interested to be heard against the attempt to enforce it.

Judgment affirmed.

Martin, J., dissented.